## Case No. 3,290.

COVERSTON v. CONNECTICUT MUT. LIFE INS. CO.

[1 Am. Law T. Rep. (N. S.) 239; 3 Ins. Law J. 113; 4 Bigelow, Ins. Cas. 169.]

Circuit Court, Eighth Circuit. Dec. 10, 1873.

SUICIDE OF INSURED—INSANITY—BURDEN OF PROOF.

1. *Held,* that to make the insurer liable, the mind of the deceased must have been so far deranged that he was incapable of using a rational judgment in regard to the act of self-destruction.

2. *Held,* that if the insured was impelled by an insane impulse which his remaining reason did not enable him to resist, or if his reasoning powers were so far overthrown that he was unable to exercise them on the act he was about to perform, the company is liable.

3. *Held,* that there is no presumption of law that self-destruction arises from insanity, and if, by reason of sickness, or distress of mind, or a desire to provide for his family, the insured takes his own life in the exercise of his usual reasoning faculties, the company is not liable.

[Cited in Wolff v. Connecticut Mut. Life Ins. Co., Case No. 17,929.]

4. *Held,* that the burden of proof lies upon the company to show that the death was caused by suicide, and not by accident.

[This is an action by Louisa Coverston against the Connecticut Mutual Life Insurance Company.]

J. W. Defore and A. W. Benson, for plaintiff.

Mann & Parkinson and Clough & Wheat, for defendant.

DILLON, Circuit Judge. 1. This is an action on a policy issued by the defendant upon the life of the plaintiff's husband for her benefit. That the policy was issued, and that on the 16th day of December, 1871, the assured came to his death, are undisputed facts. Under the admissions in the answer, the plaintiff makes out a prima facie case for a recovery when she shows that she was the wife of the said Henry O. Coverston; that he is dead, and that due notice and satisfactory evidence of the death of the said Henry O. was given by her to the defendant, or its authorized agents, 90 days before this suit was brought. If these facts are shown, then it devolves upon the company to establish its defences pleaded in the answer, or some one of them.

2. The main defence relied on by the company is that the assured procured the policy with intent to cheat and defraud the company by thereafter taking his own life; and that, in pursuance of this purpose, the assured purposely took his own life by shooting himself on the 16th day of December. These defences are denied by the plaintiff.

3. The policy in suit contains a provision, that if the assured "shall die by suicide," the said policy should "become and be null and void."

And the first question to be determined is, did the assured shoot himself accidentally, or did he purposely take his own life by an act which he knew, designed, and intended should have that effect? If, upon the evidence, you are of opinion that the plaintiff's husband accidentally shot himself, this is not suicide, and the defence fails. If, upon the evidence, you find and believe that he intentionally shot himself with the design and purpose to take his own life, this is suicide, and avoids the policy, unless the evidence also establishes to your satisfaction insanity of such a character and degree as will in law prevent the act of suicide from having the effect of avoiding the policy.

4. It is not every kind or degree of insanity which will so far excuse the party taking his own life as to make the company insuring liable. To do this, the act of self-destruction must have been the consequence of insanity and the mind of deceased must have been so far deranged as to have made him incapable of using a rational judgment in regard to the act which he was committing. If he was impelled to the act by an insane impulse, which the reason that was left him did not enable him to resist, or if his reasoning powers were so far overthrown by his mental condition that he could not exercise his reasoning faculties on the act he was about to do, the company is liable. On the other hand, there is no presumption of law, prima facie or otherwise, that self-destruction arises from insanity; and if you believe from the evidence that the deceased, although sick, or distressed in mind, formed the determination to take his own life, because in the exercise of his usual reasoning faculties he preferred death to life, or desired thereby to make a provision for his wife, then the company is not liable, because he died by his own hand within the meaning of the policy.

5. The burden of proof to show that the death of the assured was suicide, and not accidental, is upon the company. If you are satisfied from the the evidence that the assured died by suicide, then the burden to establish the insanity of the kind and degree above mentioned, as being requisite to hold the company, is upon the plaintiff.

Verdict for plaintiff in the amount of $5,543. Defendant now moves for new trial.